UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VICTOR J. SCHMIT, III** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-2798** |
| **PORTS AMERICA LOUISIANA, LLC, ET AL.** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Strike Defense of Borrowed Servant filed by plaintiff, Victor J. Schmit, III, and concurred in by intervenor, The Board of Commissioners of the Port of New Orleans (Doc. #51) is **GRANTED**, and defendants, Ports America Louisiana, LLC and Geoffry Meyers, are prohibited from using the borrowed servant defense in this matter.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment regarding the borrowed servant defense (Doc. #46) is **DENIED**.

## BACKGROUND

This matter is before the court on a motion for summary judgment filed by defendants, Ports America Louisiana, LLC and Geoffry Meyers. They argue that they are entitled to summary judgment finding that Meyers was a borrowed employee of intervenor, The Board of Commissioners of the Port of New Orleans ("the Port"), at the time of the accident, and thus, they have no liability. Plaintiff, Victor J. Schmit, III, filed a motion to strike Ports America and Meyers' borrowed employee defense based on failure to plead the defense in their answer and delay in raising it until after the close of discovery and shortly before trial. The Port concurs in plaintiff's motion to strike.

On May 24, 2012, Schmit was employed by the Port as a Container Crane Master Tech III, and was the lead technician in a group that maintained the cranes owned by the Port. On that night, Ports America was renting crane 5 to perform stevedoring operations. The crane operator, Geoffry

Meyers, who was employed by Ports America, informed the Port's technicians that the crane's trolley was making noise. Schmit determined that the trolley's tracks needed grease, so he and another Port technician ascended the crane to apply the grease. Schmit communicated to Meyers through another Port technician to trolley back to the wharf, pick up a container, and trolley out slowly to the boom tip while the Port technicians rode on the trolley and applied the grease. Meyers moved the crane faster than anticipated. Schmit hit part of the crane and was injured.

Schmit filed this action on May 8, 2013, alleging that he was injured as a result of Ports America and Meyers' negligence. Schmit, a citizen of Mississippi, alleged diversity subject matter jurisdiction under 28 U.S.C. § 1332, because Ports America is a citizen of Delaware, Meyers is a citizen of Louisiana, and there is more than $75,000 in controversy.[1]

Ports America and Meyers argue that Schmit's instruction to Meyers regarding the movement of the crane render him a borrowed employee of the Port for the purpose of the minor crane maintenance operation. They contended that, if Meyers was the Port's borrowed employee, they have no liability for the accident.

Whether an individual is a borrowed employee is a matter of law for the court to determine. Griffin v. Wickes Lumber Co., 840 So.2d 591, 596 (La. Ct. App. 2002). The factors the court considers in evaluating the employment relationship are:

    (1)    who has the right of control over the employee beyond mere suggestion of details or cooperation;

    (2)    who selected the employee;

---

[1] State law applies to tort suits regarding injuries that occur on a dock or wharf. See Fla. Fuels, Inc. v. Citgo Petroleum Corp., 6 F.3d 330, 332 (5th Cir. 1993).

>    (3)    who paid the employee's wages;
>
>    (4)    who has the right to fire the employee;
>
>    (5)    who furnished the tools and the place to perform the work;
>
>    (6)    whether the new employment was over a considerable length of time;
>
>    (7)    whose work was being performed at the time of the accident;
>
>    (8)    whether there was an agreement between the borrowing and lending employers;
>
>    (9)    whether the employee acquiesced in the new work situation; and
>
>    (10)   whether the original employer terminated his relationship with or relinquished his control over the employee.

Hebert v. Richard, 72 So.3d 892, 900 (La. Ct. App. 2011) (citations omitted). "None of these factors alone is determinative, but the totality of the circumstances must be considered." Id.

Schmit and the Port argue that Meyers does not fit the criteria of a borrowed employee under Louisiana law. They also argue that Ports America and Meyers waived the borrowed employee defense by failing to plead it in their answer. They contend that the defendants' failure to raise the argument until after discovery was closed prevented them from obtaining the evidence necessary to overcome the defense. Particularly, Schmit and the Port assert that they would have asked deponents questions that specifically pertain to the test used to analyze the borrowed servant defense, so that they could fully present their arguments against its applicability in a coherent fashion.

## ANALYSIS

**A.     Rule 8(c) of the Federal Rules of Civil Procedure**

Under Louisiana law, tort immunity under the borrowed employee doctrine is an affirmative defense that must be pleaded and proved by the party asserting the defense. Billeaud v. Poledore, 603 So.2d 754, 755 (La. Ct. App. 1992).  Generally, under Rule 8(c) of the Federal Rules of Civil Procedure, an affirmative defense must be raised in the first responsive pleading. Pasco v. Knoblauch, 566 F.3d 572, 576 (5th Cir. 2009).  Failure to follow the rule can result in a waiver of the defense. Rogers v. McDorman, 521 F.3d 381, 385 (5th Cir. 2008).  However, "[w]here the matter is raised in the trial court in a manner that does not result in unfair surprise . . . technical failure to comply precisely with Rule 8(c) is not fatal." Allied Chem. Corp. v. Mackay, 695 F.2d 854, 855-56 (5th Cir. 1983).  The purpose of the rule "is to give the opposing party notice of the affirmative defense and a chance to argue why it should not apply." Pasco, 566 F.3d at 578 (citing Blonder - Tounge Lab. v. Univ. of Ill. Found., 402 U.S. 313, 350, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971)).  Thus, "an affirmative defense is not waived if the defendant 'raised the issue at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond.'" Id. (quoting Allied Chem. Corp., 695 F.2d at 856).  Determining whether a defense was waived under Rule 8(c) is not a "formalistic" approach. Id.  Instead, the court examines "the overall context of the litigation," and will not find "waiver where no evidence of prejudice exists and sufficient time to respond to the defense remains before trial." Id. (citations omitted).

In this case, Schmit and the Port argue were prejudiced by Ports America and Meyers' failure to plead the borrowed employee defense because they were not able to conduct discovery on the issue.  On May 24, 2013, defendants filed their first answer, which did not mention the borrowed employee defense.  On June 12, 2013, defendants filed their answer to Schmit's amended complaint,

4

again without mentioning the borrowed employee defense. On June 26, 2013, the court issued a Scheduling Order setting the discovery cutoff data for November 12, 2013, and the trial for January 30, 2014. On September 12, 2013, Ports America moved to continue the discovery cutoff date to December 12, 2013, and the court granted the motion. On December 19, 2013, Ports America moved to continue the trial date because Schmit had not reached maximum medical improvement. The court granted that motion and continued the trial to May 12, 2014. Thereafter, on February 21, 2014, defendants filed the motion for summary judgment in which they raised the borrowed employee defense for the first time. The defendants gave Schmit and the Port absolutely no notice that they intended to rely on this fact-specific defense until discovery was closed. Moreover, the first mention of this defense occurred after the trial was twice continued on Ports America's motion. Thus, Schmit and the Port had no opportunity to investigate the merits of the defense. Particularly, they were prevented from obtaining relevant deposition testimony from the defendants on the issue. Because Schimt and the Port were prejudiced by the defendants' failure to timely inform them of the defense, the motion to strike is GRANTED.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Strike Defense of Borrowed Servant filed by plaintiff, Victor J. Schmit, III, and concurred in by intervenor, The Board of Commissioners of the Port of New Orleans (Doc. #51) is **GRANTED**, and defendants, Ports America Louisiana, LLC and Geoffry Meyers, are prohibited from using the borrowed servant defense in this matter.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment regarding the borrowed servant defense (Doc. #46) is **DENIED**.

New Orleans, Louisiana, this 15th day of April, 2014.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**